# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ALBERTO ENRIQUE C.-M.,

Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security, in her official capacity*; PAMELA BONDI, *Attorney General of the United States, in her official capacity*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement, in his official capacity*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-1896 (LMP/EMB)

**ORDER GRANTING HABEAS PETITION**

---

John Ogden Arnold, **RSC Law, Golden Valley, MN**, for Petitioner.

J. Cruz Rodriguez, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Alberto Enrique C.-M. is a citizen of Guatemala who was arrested by immigration officials on March 16, 2026, and remains in the custody of United States Immigration and Customs Enforcement ("ICE"). ECF No. 1 at 1–2. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* at 6. Alberto Enrique C.-M. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* He also contends that he is not subject to discretionary detention under 8 U.S.C. § 1226(a) because

the Government has not issued him a warrant. *See id.* at 11, 13. Alberto Enrique C.-M. brings a petition for a writ of habeas corpus, raising statutory, constitutional, and Administrative Procedure Act ("APA") claims. *See id.* at 12–13.

The Court ordered the Government to respond by March 20, 2026. ECF No. 4. The Government timely responded. ECF No. 6. The Government concedes that Alberto Enrique C.-M.'s petition "raises legal and factual issues similar to those confronted (and decided) by this Court in prior habeas petitions." ECF No. 6 at 1. The Government, however, attaches an administrative warrant issued for Alberto Enrique C.-M. issued on or around March 16, 2026. ECF No. 6-2 at 11. Alberto Enrique C.-M. timely filed a reply brief. ECF No. 7.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Alberto Enrique C.-M. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). The Government provides no material distinction between this case and those cases. Accordingly, Alberto Enrique C.-M. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

This Court has also held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Here,

however, the Government has presented an administrative warrant for Alberto Enrique C.-M.'s arrest.  ECF No. 6-2 at 11.  Alberto Enrique C.-M. does not dispute the validity of the warrant.  *See generally* ECF No. 7.  The Government therefore has demonstrated that Alberto Enrique C.-M. is properly subject to discretionary detention under 8 U.S.C. § 1226(a).  Accordingly, the Court will grant Alberto Enrique C.-M.'s petition and order a bond hearing as a remedy.  *See Roberto M. F.*, 2025 WL 3524455, at *5 (holding that a bond hearing is the proper remedy for a petitioner erroneously subjected to mandatory detention under Section 1225(b)(2) but properly subject to discretionary detention under Section 1226(a)).[1]

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Alberto Enrique C.-M.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

1. The Court **DECLARES** that Alberto Enrique C.-M. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. The Government is **ORDERED** to provide Alberto Enrique C.-M. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than March 27, 2026.

---

[1]   Alberto Enrique C.-M. argues that his immediate release is required because no charging document has been filed with the immigration court.  ECF No. 1 at 11.  Alberto Enrique C.-M.'s argument is based on a selective quotation from 8 C.F.R. § 1003.14(a); Alberto Enrique C.-M. does not mention that the remainder of that regulation clarifies that "no charging document is required to be filed with the Immigration Court to commence bond proceedings."  Alberto Enrique C.-M. is not, therefore, entitled to immediate release.

3. If the Government does not provide Alberto Enrique C.-M. with a bond redetermination hearing by March 27, 2026, as required by this Order, the Government is **ORDERED** to release Alberto Enrique C.-M. from detention immediately.

4. No later than March 30, 2026, the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Alberto Enrique C.-M.'s release.[2]

5. If Alberto Enrique C.-M. is released from detention, and any issues arise related to the logistics or conditions of his release, Alberto Enrique C.-M.'s counsel is directed to contact ICE to resolve the issue before raising his concerns with the Court. The parties are ordered to work in good faith to resolve any such disputes. ICE may be contacted via email at StPaul.Outreach@ice.dhs.gov.[3]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 23, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[2]    The Court need not adjudicate Alberto Enrique C.-M.'s APA and constitutional claims, ECF No. 1 at 12–13, given that the Court has ruled for him on his statutory claim. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).

[3]    The Court appreciates the Government's good-faith efforts to proactively address the concerns of noncitizens released from immigration detention.